**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| LARRY CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **8:06CV603** |
| vs. | ) | |
| | ) | **AMENDED CONSENT** |
| THE ADVISORY GROUP, | ) | **PROTECTIVE ORDER** |
| | ) | |
| Defendant. | ) | |

WHEREAS, discovery in the above-captioned action has and may continue to involve the production of documents and information which the parties and any non-parties claim to be confidential and the parties and any non-parties desire to pursue discovery with a minimum of delay and expense.

**IT IS HEREBY AGREED AND ORDERED:**

1.     When used in this Order, the word "documents" means all written, recorded or graphic matter whatsoever including, but not limited to, electronically stored information and documents and electronically stored information produced by the producing party or non-party to this action whether pursuant to Rule 34, subpoena or by agreement.

2.     All documents and every portion thereof, produced and designated by any party or non-party pursuant to any discovery procedure, or informal exchange of documents, in this matter, shall be considered "confidential" for purposes of this Order and shall be used by the non-producing parties only for the preparation for and conduct of proceedings herein and not for any business or other purpose whatsoever.   The non-producing party may challenge the confidentiality designation by (1) first attempting to informally resolve the designation dispute with counsel for the producing party within 15 days of such designation; and (2) if not informally resolved, then by filing an appropriate motion with the Court within 25 days after such disputed designation.

3.     No confidential documents, nor any portion or summary thereof, shall be given, shown, disclosed or communicated by the non-producing parties in any way to any person or entity other than:

(a)   counsel in this action and their employees;

(b)   the parties;

(c)   persons actually deposed or called to testify at any hearing or trial; and

(d)   outside consultants and experts consulted or retained for the purpose of testifying or assisting in the preparation for the conduct of the proceedings herein.

4.     Before disclosure of any confidential document is made to any person described in paragraphs 3(c) and 3(d) above, the person to whom disclosure is made shall be given a copy of this Order and shall agree in writing (in the form attached hereto as Exhibit "A") to be bound by the terms of this Order.  Counsel for each disclosing party or non-party shall maintain a file of such written agreements until this action is completed.

5.     No person to whom a document or information designated confidential pursuant to this Order is furnished or disclosed shall copy or otherwise use the document or information for any purpose whatsoever, except in connection with pre-trial proceedings, preparation for trial, trial or other proceedings associated with this litigation.

6.     Any party, non-party or attorney for a party or non-party furnishing documents or disclosing information pursuant to the terms of this Order shall not waive the confidentiality thereof.

7.     Any document designated as confidential may be used to examine or cross-examine any witness at any hearing, deposition, or trial in this action.  However, to the extent that any other person is present at such hearing, deposition, trial, or other legal proceeding and is not a person to whom the designated confidential document or information may be disclosed, and subject to any agreement or Court order otherwise, there shall be no disclosure of the designated confidential information or document unless and until all such persons are excluded from the proceeding during

the disclosure or use of the material.  Every court reporter taking any testimony relating to designated confidential documents or information shall be informed of and provided with a copy of this Order and shall adhere to the provision hereof.

8.    Should a document designated confidential pursuant to this Order be utilized in connection with any document filed with the Court, or be utilized at any deposition, hearing or trial, or should information governed by this Order be disclosed in an affidavit, discovery answer or in connection with any document filed with the Court, or in the transcript of any deposition, hearing or trial, the exhibit, affidavit, discovery answer, or other document or transcript filed with the Court must be filed in a sealed envelope or other sealed container marked with the title of litigation, identifying each enclosed document and thing and bear a statement precisely in the following form:

"CONFIDENTIAL"

"By Order of the U.S. District Court for the District of Nebraska, dated _____, 2007, this envelope is not to be opened, and its contents are not to be displayed or revealed to any person, other than the presiding Judge, the parties or their attorneys, in this matter."

Transcripts of the depositions covered by this Order shall be filed under seal in the manner described above.

9.    At the conclusion of all proceedings in this litigation, all documents governed by the terms of this Order (and all copies of such documents) shall be returned, from any person in possession thereof, to the producing party or non-party.  The obligations of this Order shall not terminate upon the conclusion of this action, but shall continue until further reorder of this court or until the producing party or non-party claiming confidentiality has waived the same in writing.

10.  This Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including but not limited to defenses or objections to the discovery or production of documents or information, and to the use or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Court order.

-3-

11.  This Order shall not be construed as preventing any person from making use of or disclosing any documents or information which were lawfully in possession of that person prior to the date of this Order.

12.  This Order is without prejudice to the right of any party to seek relief from the Court from any of the restrictions provided above upon good cause shown or for any other grounds provided by applicable law.

13.  The Court shall impose sanctions upon any person who grants access to the confidential documents or information for any purpose other than the preparation, trial, or appeal of this case, or who otherwise violates the terms of this Order, including consequential damages, sanctions, costs, attorneys' fees and other appropriate relief.

**DATED March 28, 2007.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

PREPARED AND SUBMITTED BY:

THE ADVISORY GROUP, INC., Defendant,

By:  s/Rachel L. Theilmann
Gregory C. Scaglione, #19368
Rachel L. Theilmann, #23458
Koley Jessen P.C.,
A Limited Liability Organization
1125 South 103rd Street
Suite 800
Omaha, NE  68124
(402) 390 9500
(402) 390 9005 (facsimile)
Greg.Scaglione@koleyjessen.com
Rachel.Theilmann@koleyjessen.com

Attorneys for The Advisory Group, Inc.,
Defendant.

APPROVED AS TO FORM AND CONTENT:

LARRY CARTER, Plaintiff,

By:  s/Robert M. Slovek
Robert M. Slovek
Richard P. Jeffries
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102-2186
(402) 346-6000
(402) 346-1148 (FAX)
robert.slovek@kutakrock.com
Richard.Jeffries@KutakRock.com

Attorneys for Larry Carter, Plaintiff.

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:06CV603 |
| vs. | ) | |
| | ) | AFFIDAVIT |
| THE ADVISORY GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

I, _____, do hereby acknowledge that I have received and read

a copy of the attached Protective Order, and I agree to be bound by the terms of the Order, and

to be subject to the jurisdiction of this Court for enforcement of all terms of the Order and for

judicial action for any violation of the Order.

DATED this _____ day of _____ 2007.


Signature:  _____

Relationship to this lawsuit:  _____



STATE OF _____        )
                                 ) ss.
COUNTY OF _____         )


Subscribed and sworn to before me this _____ day of _____ 2007.


_____
Notary Public

-5-