**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| LARRY CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:06CV603 |
| vs. ) | |
| ) | ORDER |
| THE ADVISORY GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on plaintiff's Motion to Compel (Filing 81). Counsel have complied with NECivR 7.1(i), and the matter has been fully briefed. The court finds that the motion should be granted.

### BACKGROUND

Briefly, this case involves a dispute over the division of a fee related to services rendered to Castle Harlan, a private equity business, in its purchase of C&T Malt, an international barley malting concern. The defendant corporation is owned by David Willensky and provides services to parties looking to buy or sell companies. Willensky either works individually or with independent contractors in these endeavors. Carter had worked on various projects with Willensky beginning in 2003. Willensky and Carter worked together on the possible C&T Malt transaction. The transaction was not completed until the late summer/early fall of 2006.

In this lawsuit, plaintiff contends he had an actual or implied contract with the defendant that entitles him to 50% of the defendant's fee in connection with the C&T Malt transaction. In the alternative, plaintiff pled a claim in *quantum meruit*, seeking to recover "the reasonable value of the services he provided" to the defendant. Defendant denies the existence of any contract and contests the value of plaintiff's services.

In its Answer, the defendant

> admits that Carter provided minimal services in connection with the C&T
> Malt transaction and affirmatively asserts that Advisory Group is ready,

> willing and able to pay Carter for his services as measured by the Willensky Evaluation Method...

Filing 12 at ¶ 22. The so-called Willensky Evaluation Method is described in the Answer, as follows:

> In most of the transactions that Advisory Group conducted, it adopted a compensation policy whereby Willensky would measure the value of an independent contractor based upon who initiated the deal by bringing the buyer and/or seller to the table, the nature and extent of work done by the independent contractor for the transaction, the success of those efforts, the impression the independent contractor left with the client, fees collected by Advisory Group and other factors. This measurement process is hereinafter referred to as "Willensky Evaluation Method". If the Advisory Group received a fee, it would then pay the independent contractor a portion of the fee paid to Advisory Group based upon the Willensky Evaluation Method.

Filing 12 at ¶ 9.

Accordingly, plaintiff served interrogatories seeking information about the application of the Willensky Evaluation Method during the time period in which plaintiff conducted business with the defendant. The interrogatories and defendant's responses are as follows:

> **INTERROGATORY NO. 16:** Identify all transactions from January 1, 2003 through December 31, 2006 in which Defendant used the Willensky Evaluation Method.
> **ANSWER:** Objection, overbroad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence.
>
> **INTERROGATORY NO. 17:** Identify all individuals Defendant paid pursuant to the Willensky Evaluation Method from January 1, 2003 through December 31, 2006 and corresponding transaction.
> **ANSWER:** Objection, overbroad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence.
>
> **INTERROGATORY NO. 18:** Identify the payment amount received by any individual identified in Defendant's Answer to Interrogatory No. 17.

**ANSWER:** Objection, overbroad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence.

**INTERROGATORY NO. 19:** Identify the percentage of any payment identified in Defendant's Answer to Interrogatory No. 17 to the total fee collected by Defendant in connection with the same transaction.

**ANSWER:** Objection, overbroad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence.

## LEGAL ANALYSIS

Under Fed. R. Civ. P. 26(b)(1), the parties to a lawsuit may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).

All discovery is subject to the limitations imposed by Rule 26(b)(2), and the court must limit discovery if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
(ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish that the discovery is not relevant, or is "of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary

presumption in favor of broad disclosure." *Moses v. Halstead*, 236 F.R.D. at 671. If the relevancy of the discovery request is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *Id*.

As to objections based on oppressiveness or undue burden,

"All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. *Id*. "The party resisting discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." *Id*. (citations omitted).

The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. *See Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. *See id.* It is insufficient for the party objecting to discovery based on relevance to simply make conclusory allegations that the request is irrelevant. *Burnett v. Western Res. Inc*., CIV. A. No. 95-2145-EEO, 1996 WL 134830, *4 (D. Kan. Mar. 21, 1996). If the discovery sought appears relevant, the opposing party bears the burden of specifically showing how each discovery request is irrelevant. *Id*. However, a threshold showing of relevance is necessary before production of information, which does not reasonably bear on the issues in the case, is required. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993).

*Miller v. Kellogg USA, Inc.*, 2006 WL 468315, Case No. 8:04CV500, Filing No. 77 (D. Neb., May 3, 2006).

Considering these principles, the court finds that the discovery sought appears relevant on its face, as it relates directly to the allegations in the defendant's answer regarding the Willensky Evaluation Method. The plaintiff is entitled to inquire on that topic, as the value of his services is hotly contested by the defendant. The time period from January 1, 2003 through December 31, 2006 represents the time period during which plaintiff and defendant had a business relationship and is a reasonable time frame in the context of this litigation.

The court also finds that the defendant's objections based on undue burden must also be overruled. The defendant has failed to demonstrate how the time or expense involved in responding to requested discovery is unduly burdensome.

For these reasons,

**IT IS ORDERED** that plaintiff's Motion to Compel (Filing 81) is granted in its entirety. The defendant shall serve responses to plaintiff's Interrogatories Nos. 16, 17, 18 and 19 no later than **October 30, 2007.**

**DATED October 22, 2007.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**