IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY CARTER, | ) | CASE NO. 8:06CV603 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | ON MOTION IN LIMINE |
| | ) | |
| THE ADVISORY GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Motion in Limine, which seeks to exclude certain evidence from trial, including:

- evidence of Carter's job performance while he was employed at ConAgra through 2003;

- two letters from counsel, which were prepared after the date the C&T Malt transaction[1] was concluded, that relate to Carter's fee for his work;

- evidence of the method employed by David Willensky of The Advisory Group (hereafter "TAG"), to determine the fee owed to Carter for his work; and

- statements made by Carter that acknowledge the parties' disagreement as to the payment of fees in connection with the C&T Malt deal.

Each will be considered in turn.

Carter seeks to prevent TAG from introducing into evidence Carter's employment records from ConAgra from the years 1994 through 2003. Pursuant to a separation agreement, Carter retired from ConAgra in 2003. David Willensky, who was also employed at ConAgra between 1994 and 1998, started TAG upon his departure from ConAgra.

---

[1] With assistance from The Advisory Group, Castle Harlan, a private equity business, purchased C&T Malt in 2006. Upon the conclusion of the deal, the contingency upon The Advisory Group's fee for its services in bringing the deal to fruition was removed.

Willensky describes TAG as an acquisition consulting firm, which is retained by companies to assist in the acquisition or divestiture of other companies. After Carter's retirement from ConAgra, he and Willensky worked together on at least three deals, including the Castle Harlan and C&T Malt transaction, the fee for which is the subject of this lawsuit.

Carter argues that his employment records from ConAgra are not relevant to any issue in this action, and, even if they could be considered relevant, any probative value that the employment records have is outweighed by the unfair prejudicial effect that these documents might have on a jury. TAG contends that the reason it worked with Carter on the C&T Malt transaction was to benefit from Carter's financial and industry analysis, and that Carter represented that he had extensive industry experience based on his work at ConAgra. TAG allegedly relied on these representations in agreeing to deal with him. Willensky has testified that eventually he came to believe that Carter had substantially overstated his industry experience, and that was one reason Willensky substantially "benched" Carter – well before the transaction was concluded. TAG intends to use Carter's ConAgra employment records to show that Carter overstated his knowledge and experience of the malt industry.

The Court concludes that the ConAgra employment records may be relevant to show that Carter's expertise in the malt industry was not what he represented it to be to TAG, which may be relevant to Carter's credibility. If the jury determines that there is no express or implied contract, the evidence also may be relevant in determining the value of the services that Carter brought to the transaction. For these reasons, the Court will deny the motion without prejudice to Carter asserting objections, if any, at trial.

Carter also seeks to exclude two letters relating to whether the parties had a fee-splitting arrangement, which letters were prepared by legal counsel after the transaction was concluded. The motion is granted as to these letters, except that the letters may be offered for some purpose other than to prove the truth of the matters asserted in the letters and appropriate objections may be raised at that time.

Next, Carter seeks to exclude evidence of Willensky's method for allocating the fee, which was paid to TAG by Harlan, among the deal makers and consultants who contributed to the consummation of the Castle Harlan and C&T Malt deal. Through what has been dubbed the "Willensky valuation method," TAG has offered its explanation for how Carter's portion of the fee was determined. The Court concludes that TAG should be permitted to present evidence from Willensky regarding the processes he used to determine Carter's share of the fee. Therefore, the motion in limine will be denied to the extent Carter seeks to exclude evidence of the "Willensky valuation method."

Last, Carter seeks to exclude evidence of the e-mail communications between and Willensky and himself that were prepared at or near the time that the fee-splitting issue arose. Carter argues that the Court's Memorandum and Order denying the defendant's motion for partial summary judgment precludes TAG from arguing at trial that there was no meeting of the minds regarding a contract. In denying TAG's motion for partial summary judgment, the Court ruled only that the statement made by a non-lawyer, in this case Carter, that there was no meeting of the minds was not *conclusive* evidence that the parties did not have a contract. Rather, the Court ruled that all the facts and circumstances needed to be considered. Statements made by Carter and Willensky at and near the time that the fee-splitting dispute became apparent are relevant and will be allowed.

3

Accordingly, the motion will be denied as to the e-mail exchange and the statements made by Carter that "there was no meeting of the minds confirms that there is no express or actual contract, no implied contract, to share equally the fee."

Nothing in this order will preclude Carter from raising objections to the admissibility of evidence during the trial.  For these reasons,

IT IS ORDERED:

1. The Plaintiff's motion in limine (Filing No. 93) is granted in part and denied in part as follows:

   1. The motion is granted as to correspondence dated August 31, 2006, written by Richard P. Jeffries, and correspondence dated September 8, 2006, written by Anthony Russo, which were prepared by the parties' counsel after the parties' dispute arose, for the reason that they are not relevant to the existence of a contract, the parties' past course of dealings, or the value of the services rendered by Carter in connection with the C&T Malt transaction;

   2. The motion is denied as to a) Carter's employment records from ConAgra, and b) evidence related to the so-called "Willensky valuation method; and

   3. The motion is also denied to the extent it can be interpreted to seek exclusion of statements made by the parties via e-mail at or near the time the fee-splitting issue first arose;

   4. To the extent the Plaintiff seeks to preclude the defendant from arguing that Carter admitted there was no meeting of the minds, or to argue the effect of Carter's statement, the motion is denied; and

5.	The Plaintiff's Permissive Motion in Limine (Filing No. 104) is denied because the Court finds that the e-mail exchange is relevant but that the Defendant should have an opportunity to assert its objections at the time of trial.

DATED this 31st day of October, 2007.

>	BY THE COURT:
>
>	s/Laurie Smith Camp
>	United States District Judge