IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY CARTER, | ) | CASE NO. 8:06CV603 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | ON MOTION IN LIMINE |
| THE ADVISORY GROUP, INC., | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion in Limine (Filing No. 109) which seeks to exclude certain evidence from trial pursuant to Federal Rules of Evidence 401, 403, and 408. Specifically, the Defendant, The Advisory Group, Inc. (hereafter "TAG") seeks to prohibit any witness, any representative of Plaintiff, Larry Carter (hereafter "Carter"), or Carter's counsel from introducing any evidence or referring to the settlement-offer portion of an August 18, 2006, e-mail sent by David Willensky, Managing Director of TAG, to Carter. (Filing No. 109). TAG seeks to have the same material redacted from Exhibit 87.[1]

The following portion of the August 18, 2006, e-mail is at issue:

In the interest of ending this before it gets very bad for both of us, Larry, here is my response to your proposal of August 7: 1) The Advisory Group, Inc. is prepared to pay you $800,000. This amount is intended to also discharge in full any obligations you have to Steve Rosvold for his work on this project. 2) I will consider executing an agreement that calls for: A) paying you $800,000 upon the closing of the transaction and receipt of The Advisory Group's fee; B) indemnifying you if any other fee recipient (except Rosvold) makes a claim against you with regard to your share of the fee; C) releasing

---

[1]In its brief TAG argues for redaction of the same e-mail portion from Exhibit 82 as well. (Filing No. 110, p. 10). However, the Court has not been able to identify or review the August 13, 2006, e-mail listed as Exhibit 82 on the Joint Exhibit List which is incorporated in the Order on Final Pretrial Conference. (Filing No. 100, p. 20). Therefore, the contents of Exhibit 82 is not addressed in this Order.

> and indemnifying The Advisory Group, Inc. and me personally against any future claims by you or Rosvold; and D) written assurance from you that you have not and will not disclose the terms of this agreement to anyone for a period of three years.  If this is acceptable to you, I will ask my friend and legal counsel, Rich Maire of Manatt, Phelps & Phillips, to draft the agreement and send it to you for review.

(Filing No. 106-3, Pl's Evidence Index, Ex. 1).

Carter opposes TAG's motion in limine as untimely as well as on its merits.  (Filing No. 116).  Carter contends that an October 12, 2007, deadline for motions in limine was set by Magistrate Judge Gossett in the Final Progression Order (Filing No. 28).  In fact, the February 22, 2007, Final Progression Order (Filing No. 28) set August 24, 2007, as the deadline for motions in limine and that deadline was then extended to October 12, 2007, in response to the parties' joint motion (Filing Nos. 78 and 77).  A subsequent order further extended the deadline for the filing of "any motions in limine regarding Fed. R. Evid. 408 issues" until October 29, 2007.  (Filing No. 101).  TAG's motion in limine (Filing No. 109), filed on November 2, 2007, is based largely on Fed. R. Evid. 408, and therefore it is not as untimely as Carter contends.  The Court has considered whether Carter has been prejudiced by the delay and finds that there is no unfair prejudice.  Indeed, the Court notes that Carter's brief in opposition does not mention any prejudice to him caused by the late filing.  Under the circumstances, TAG's motion in limine will be accepted out of time.

According to the Federal Rules of Evidence:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.

Fed. R. Evid. 408 (2006 revised edition).

TAG contends that the proposed payment of $800,000 to Carter, outlined in the August 18, 2006, e-mail, was a settlement offer aimed at avoiding litigation and, as such, is inadmissible and should be redacted from exhibits pursuant to Rules 401, 403 and 408. TAG notes that the offer included a release and indemnification against future claims, and required a written assurance from Carter that the terms of the agreement would not be disclosed for a three-year period. TAG argues that Willensky's statements in a June 15, 2007, deposition provide further support for TAG's request for an order in limine. According to Willensky, "[t]he $800,000 was offered in settlement of a conflict." (Filing No. 94-4, p.14; Willensky deposition 98:7-8). Willensky stated that the $800,000 figure was arrived at by "split[ting] the difference between what [Carter] claims he was entitled to, which is the million-two . . . and the 400 some odd dollars – thousand dollars that [the Willensky Evaluation Method] came up with." (*Id.* at 98:23 - 99:1-3).

Carter contends that Rule 408 does not prohibit the introduction of evidence of the August 18, 2006, e-mail correspondence between Willensky and himself. (Filing No. 116). He argues that if the portion of the August 18, 2006, e-mail is considered a settlement offer, it is still admissible for purposes other than "to prove liability for or invalidity of the claim or its amount." (Fed. R. Civ. P. 408). Carter argues that he is entitled to present evidence of the $800,000 offer for impeachment purposes. He further argues that TAG's motion in limine is moot based on a previous ruling of the Court. [2]

---

[2] In Filing No. 108, the Court denied Carter's Permissive Motion in Limine (Filing No. 104), finding the e-mail exchange, which included the August 18, 2006, correspondence, relevant but allowing for TAG's objections at trial.

3

The Court concludes that the above-quoted portion of the August 18, 2006, e-mail correspondence from Willensky to Carter is an offer of settlement or compromise. As such, references to that offer are not admissible "to prove liability for or invalidity of the claim or its amount." Fed. R. Evid. 408. Even if relevant, the probative value of the evidence is outweighed by the unfair prejudicial effect on the Defendant and should be excluded under Fed. R. Evid. 403. That said, Carter is not completely precluded from referring to the above-quoted portion of the e-mail correspondence for purposes other than those described in Rule 408. However, any such line of questioning must initially be proposed outside the hearing of the jury and the Court's ruling will be dependent upon consideration of the relevance of the inquiry as well as its potential prejudicial effect.[3]

Accordingly,

IT IS ORDERED: Defendant's Motion in Limine (Filing No. 109) is granted.

DATED this 2nd day of June, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[3] In his Brief, Carter contends that if TAG's motion is granted and that portion of Willensky's August 18, 2006, e-mail correspondence is redacted, then Carter is entitled to have portions of an August 7, 2006, e-mail written by Carter considered "evidence of settlement or settlement offers" and excluded pursuant to Rules 401, 403, and 408 (Filing No. 116. p. 5). However, no motion in limine is pending before the Court with respect to this correspondence; therefore, Carter's request will not be addressed. Of course, Carter is not precluded from raising whatever objections he deems necessary when, and if, the evidence is offered at trial.