IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:06CV603 |
| vs. | ) | |
| | ) | ORDER |
| THE ADVISORY GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's Motion (Filing 128) for leave to amend the Complaint to state a claim under the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. §§ 48-1228-1232. The motion is opposed and, for the reasons discussed below, will be denied.

Plaintiff originally stated claims for breach of contract and *quantum meruit*. On November 1, 2006, this court entered an initial progression order, based on the information provided in the parties' Rule 26(f) report, providing that "[a]ny motion to amend pleadings and/or add parties shall be filed not later than January 3, 2007." Filing 14 at ¶ 7.[1]

---

[1] For some reason, the defendant believes that the court "did not create a deadline for amending the pleadings" as required by Fed. R. Civ. P. 16(b)(3). *See* Filing 133 at p.8 n.1. Defense counsel is advised that this deadline had expired by the time of the parties' Rule 16 planning conference with the court on February 22, 2007. Since neither party requested any extension, the deadline for adding parties or amending the pleadings was not reopened or extended, and is not mentioned in the final progression order, Filing 28.

Discovery closed on July 15, 2007. *See* Filing 58. The final pretrial conference was held October 22, 2007. Trial was originally set for November 13, 2007, but was ultimately rescheduled to July 15, 2008 by order entered on April 4, 2008.

Plaintiff did not seek leave to file an amended complaint until May 28, 2008. He wishes to add a substantive claim based on his analysis of information he received during the deposition of David Willensky, which was taken approximately one year ago.

Although, pursuant to Fed. R. Civ. P. 15(a)(2), the court should freely give leave to amend the pleadings when justice so requires, this case has been pretried. The final pretrial order supersedes all pleadings and controls the subsequent course of the action. *See Rockwell Intern. Corp. v. United States*, 127 S. Ct. 1397, 1409 (2007) (citing Fed. R. Civ. P. 16(e)); *United States v. $84,615 in U.S. Currency*, 379 F.3d 496, 499 (8th Cir. 2004).[2] "The court may modify the order issued after a final pretrial conference only to prevent manifest injustice."

Having considered the parties' written submissions, I find that allowing the proposed amendment at this very late date would unfairly prejudice the defendant and would not result in manifest injustice to the plaintiff.

---

[2]Although these decisions refer to the prior version of Fed. R. Civ. P. 6(e), the 2007 amendments to Rule 16 were made as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. The changes were intended to be stylistic only.

**IT IS ORDERED:**

1. Plaintiff's Motion (Filing 128) for leave to amend the Complaint is denied.

2. Pursuant to NECivR 72.2, a party may appeal this order by filing an "Appeal of Magistrate Judge's Order" no later than **Wednesday, June 25, 2008.**[3] The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.

**DATED June 18, 2008.**

                    **BY THE COURT:**

                    **s/ F.A. Gossett**
                    **United States Magistrate Judge**

---

[3]This is an expedited deadline necessitated by the July 15, 2008 trial date.