IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY CARTER, | ) | CASE NO. 8:06CV603 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| THE ADVISORY GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Motion to Compel Payment of Funds into Court and to Compel the Examination of Judgment Debtor. (Filing No. 167). The Court reviewed the Plaintiff's motion, supporting briefs, and index of evidence, as well as the Defendant's opposing brief. Oral arguments were heard on November 12, 2008. The Court ruled from the bench on several matters raised in the motion and directed the parties to submit simultaneous briefs on the issue of the location and scope of an examination of the judgment debtor. The briefs were filed by the parties on November 21, 2008 (Filing Nos. 189 and 190). The Court has now reviewed the parties' briefs and is prepared to rule on the only issue that remains before the Court.

## BACKGROUND

On July 22, 2008, the jury in this case returned a verdict for the Plaintiff, Larry Carter, in the amount of $1,037,500.00. (Filing No. 157). A Writ of Garnishment directed to Wells Fargo Bank, N.A., was issued by the Clerk of the Court on August 25, 2008. (Filing No. 163). On September 3, 2008, this Court entered a Judgment against the Defendant, The Advisory Group, Inc., in the amount of $1,037,500.00, with interest accruing at the rate of 2.17% annum, until paid in full, together with the taxable costs of the action. (Filing No. 164).

On September 11, 2008, Carter moved this Court, pursuant to Neb. Rev. Stat. § 25-1029, for an order authorizing the garnishee, Wells Fargo Bank, to remit assets of The Advisory Group in the amount of $89,780.84 which it held pending a court order directing turnover. Carter also moved the Court to require The Advisory Group, "by and through its sole owner, shareholder, and officer, David Willensky" to pay to the Court the $450,000.00 mentioned by Defendant's counsel in his opening statement at trial. In addition, Carter moved the Court for an order requiring David Willensky to appear for a debtor's exam before this Court. Finally, Carter requested an order forbidding The Advisory Group from transferring or interfering with any of its property not exempt from execution. (Filing No. 167).

On November 6, 2008, the Court ordered that $89,780.84 held by Wells Fargo Bank, N.A., be deposited with the Clerk of the Court and applied in partial satisfaction of the judgment entered against The Advisory Group (Filing No. 181).[1] On November 12, 2008, the Court ordered The Advisory Group to transfer the $450,000.00, plus interest, which it was holding in escrow for Carter, to the Clerk of the Court for delivery to Carter (Filing No. 183). A Notice of Partial Satisfaction of Judgment (Filing No. 191) was filed by Carter on December 4, 2008, indicating receipt of $467,373.09.

## DISCUSSION

The Federal Rules of Civil Procedure specifically provide the right to post-judgment discovery. "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person–including the judgment debtor–as provided in these

---

[1] On November 21, 2008, the Clerk's Office received a check from Wells Fargo Bank in the amount of $89,780.84. The check was incorrectly made payable to Larry Carter rather than the Clerk of the Court, and was returned to Wells Fargo Bank to be resubmitted to the Clerk of the Court.

2

rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Nebraska law provides that a court[2] may order a judgment debtor "to appear and answer concerning his or her property before the judge of such court or a referee appointed by the judge of such court at a time and place specified in the order . . . " Neb. Rev. Stat. § 25-1565 (2006 Cum. Supp.).

Location of the Examination

Carter relies on Nebraska law, specifically Neb. Rev. Stat. § 25-1565, to support his contention that the examination of the judgment debtor, The Advisory Group, should take place before this Court and not in California, as argued by The Advisory Group. Carter contends that The Advisory Group has "availed itself to the jurisdiction of this Court" by doing business in Omaha, Nebraska, and participated at trial in this matter. Carter further argues that this Court is in the best position to rule on disputes and objections that are likely to arise during the examination of the judgment debtor. Finally, Carter contends that "it would be contrary to the interests of justice to force [him] to bear the expense and effort of pursuing a debtor examination in California" in his efforts to pursue "monies rightfully his." (Filing No. 189, p. 6).

In opposing Carter's motion, The Advisory Group contends that the examination of the judgment debtor should take place in California, its principal place of business. The Advisory Group's arguments are based on the similarities between Nebraska's Discovery Rules and the Federal Rules of Civil Procedure and do not directly address

---

[2]"[T]he county court or the district court of the county (1) in which the debtor resides, (2) *if the debtor does not reside in the state, where judgment was rendered*, or (3) in which a transcript of judgment has been filed . . . ." Neb. Rev. Stat. § 25-1565 (Cum. Supp. 2006)(emphasis added).

Neb. Rev. Stat. § 25-1565 or other related state statutes with respect to proceedings in aid of execution. The Advisory Group argues that "[a]s a general rule, the deposition of a corporation, through its agent, should be taken at the corporation's principal place of business." (Filing No. 190, p. 3 (citing *Mapes v. Wellington Capital Group*, 2008 WL 624471, *4 (D. Neb. March 4, 2008)). It further contends that in proposing an alternate location, Carter "has the burden of overcoming the general presumption," that any examination or deposition of a corporation should take place at its principal place of business. (Filing No. 190, p. 3 (citing *Mapes v. Wellington Capital Group*, 2008 WL 624471, *4 (D. Neb. March 4, 2008)). The Advisory Group maintains that an examination of the judgment debtor should take place in California, the same location as the pretrial deposition of The Advisory Group's representative, David Willensky.

The Court finds that Carter has met the burden of overcoming the general presumption, as advocated by the Advisory Group, that any examination or deposition of a corporation should take place at the principal place of business. State law supports Carter's position that the debtor's examination should be held in Nebraska, before the Court that entered judgment in the case, and The Advisory Group[3] will be required to appear before this Court for the purpose of a debtor's examination.

---

[3]As addressed by the Court in the November 12, 2008, hearing, the Court has jurisdiction over the Defendant, The Advisory Group, and not the individual, David Willensky. Therefore, the Court will order The Advisory Group to appear, through its officer or member, before this Court for the purpose of a debtor's examination. *See* Neb. Rev. Stat. 25-1569 (Reissue 1995).

Scope of the Examination

"The scope of examination is very broad, as it must be if the procedure is to be of any value." 12 Wright, Miller & Marcus, Federal Practice and Procedure 2d § 3014. Carter and The Advisory Group agree that the purpose of the debtor's examination is the identification of the assets of the judgment debtor that may be used to satisfy the judgment. Clearly the purpose of the debtor's examination is to locate the judgment debtor's assets and to ascertain whether any assets have been fraudulently transferred in an attempt to place them beyond the judgment creditor's reach. Both parties cite cases from other jurisdictions in support of this purpose.

The Court finds that Carter has a right to conduct reasonable post-judgment discovery and to inquire into The Advisory Group's assets and any fraudulent transfers of those assets. In its brief, The Advisory Group expresses concern that Carter may attempt to seek information beyond those purposes. The Court will not speculate as to any potential lines of inquiry that may be posed to The Advisory Group's representative in the course of the debtor's examination. Specific objections may be raised by counsel and ruled on by the Court during the course of the examination.

Accordingly,

IT IS ORDERED:

1. The remaining issue in the Plaintiff's Motion to Compel Payment of Funds into Court and to Compel the Examination of Judgment Debtor. (Filing No. 167) is granted;

2. The Defendant, The Advisory Group, Inc., through its designated officer or member, shall appear before the undersigned in Courtroom 2, Roman

Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, 68102, to testify for the purpose of determining what property or assets may be subject to execution or garnishment toward satisfaction of the judgment rendered against it in this action.  Court staff will contact the parties' attorneys to schedule the hearing; and

3. At the hearing, Defendant shall produce all books, records, documents, papers, and other materials that contain information concerning its assets, property, income, or indebtedness, dating from 2003 through the present date, and Defendant shall provide copies of those documents to Plaintiff's counsel at least seven business days before the hearing.

Dated this 23rd day of December, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge